# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

BRENT ARCENEAUX

VERSUS

GEICO CHOICE INSURANCE
COMPANY, DEVEN THOMPSON, AND
PROGRESSIVE SECURITY
INSURANCE COMPANY

NO.  2022 CW 1045

**DECEMBER 29, 2022**

---

In Re:    Brent Arceneaux, applying for supervisory writs, 19th
          Judicial District Court, Parish of East Baton Rouge,
          No. 707664.

---

**BEFORE:  McDONALD, McCLENDON, HOLDRIDGE, LANIER AND HESTER, JJ.**

      **WRIT GRANTED IN PART WITH ORDER AND DENIED IN PART.**  The
portions of the August 23, 2022 order of the trial court
granting the motion for protective order filed by defendant,
Deven Thompson, and imposing a sanction on plaintiff, Brent
Arceneaux, and his counsel are reversed.  We find that defendant
failed to show good cause for a protective order under La. Code
Civ. P. art. 1426.  See **Augustine v. Safeco Insurance Company of
Oregon**, 2021-01753(La. 10/1/22), 2022 WL 12360946,*3, --- So.3d
---.  There is no healthcare provider-patient privilege against
the disclosure of a patient's blood alcohol level when an action
for damages for injury has been brought against the patient.
La. Code Evid. art. 510(B)(2)(i).  Further, sanction by the trial
court was not warranted under La. R.S. 13:3715.1(K) where there
was no evidence suggesting plaintiff intentionally failed to
provide the proper notice to defendant.  Defendant's motion for
protective order is denied.  The writ is denied as to that
portion of the order quashing the subpoena and records
deposition directed to Our Lady of the Lake Regional Medical
Center by plaintiff as the notice requirements of La. R.S.
13:3715.1(B)(1) were not strictly followed.  The matter is
remanded to the trial court with instructions to allow plaintiff
to seek the records by complying with the formalities prescribed
in La. R.S. 13:3715.1.

JMM
PMc
WIL
CHH

      **Holdridge, J.,** dissents and would deny the writ. The trial
court did not abuse its discretion in granting the motion to
quash and issuing sanction for the plaintiff's flagrant
violation of La. R.S. 13:3715.1.

COURT OF APPEAL, FIRST CIRCUIT

a.Sn

_____
DEPUTY CLERK OF COURT
    FOR THE COURT